[Crim. No. 3358. Second Appellate District, Division Two.—October 14, 1940.]

THE PEOPLE, Respondent, v. TONY CHRISTMAN, Appellant.

Josiah Coombs and Ralph Paonessa for Appellant.

Earl Warren, Attorney-General, and Gilbert F. Nelson, Deputy Attorney-General, for Respondent.

WOOD, J.—Defendant was convicted at a jury trial on two counts charging petty theft, it being also charged that he had suffered a prior conviction of petty theft and also that he had previously been convicted of a violation of the State Narcotic Act. He appeals from the judgments of conviction and from the order denying his motion for new trial.

Early in the afternoon of October 30, 1939, defendant drove to the gasoline service station operated by Walter M. Rapp on Lincoln avenue in the city of Pasadena and purchased two gallons of Economy gasoline. Upon receiving the gasoline defendant handed Rapp a ten dollar bill. Rapp went into the station and rang up the sale on the cash register. As defendant received the change, $9.69, defendant told Rapp that the change was too much, that he had given him only a one dollar bill. The change given to defendant consisted of a five dollar bill, four one dollar bills and sixty-nine cents in coins. Defendant reached in his pocket, took out thirty-one cents in coins and handed the bills, with the exception of the five dollar bill, and one dollar in coins to Rapp, who returned to him the ten dollar bill. Rapp testified that he did not count the change at that time "because he interrupted me and asked about a fan belt for a Ford 8 and asked me if I had one and the price of it". Rapp looked up the price of the fan belt and defendant said that a young lady would bring the Ford to get the belt. Another customer drove in and Rapp placed the money on the edge of the cash register. Defendant then drove away. After he had waited on the new customer Rapp counted the money and discovered that he was five dollars short.

The evidence concerning the transaction which is the subject of the second count is quite similar to that concerning the first count. Shortly after the transaction with Mr. Rapp defendant drove to the service station operated by Edward M. Nightingale on Colorado street in Pasadena and purchased one gallon of Indian gasoline. He handed Nightingale a ten dollar bill and falsely induced him to believe that he should return as change the sum of five dollars more than was

actually due. Nightingale testified that "the money changed hands about four different times, and then when it was over, and I turned my back to him, he says, 'Where is that five dollars?' and I says, 'What five dollars?' And he says something to the effect that he still had five dollars coming to him, and I was quite sure that he didn't have, but I was rushed at the time; the station was full of people, so I had—after a certain amount of hesitation I went to the register and gave him another five dollars".

The evidence introduced by the prosecution establishes that defendant is guilty on each count of the crime of petty theft accomplished by trick and device. Indeed, defendant does not argue on appeal that the evidence is insufficient to establish the crimes, but contends that defendant was not the party who defrauded the service station operators. He refers to his attempt to establish an alibi. He also argues that the court committed prejudicial error during the trial, especially in instructing the jury. We need not discuss the alleged errors for the reason that on the hearing of defendant's application for probation he admitted that he was guilty of the offenses charged. Manifestly, it cannot be successfully argued that there has been a miscarriage of justice. Section 4½ of Article VI of the Constitution of California is applicable. (*People* v. *Steinfeld,* 38 Cal. App. (2d) 280 [101 Pac. (2d) 89].)

Just prior to the trial the court permitted, over the objection of defendant, an amended information to be filed charging a prior violation of the State Narcotic Act, a felony. The court did not err in so doing. (Pen. Code, sec. 969a; *People* v. *Barwick,* 7 Cal. (2d) 696 [62 Pac. (2d) 590]).

It was stipulated that defendant was convicted of the violation of the State Narcotic Act in 1937; that he was then placed on probation but served six months in the county jail as a condition of his probation; that in January, 1940, he was brought before the court on a charge of violating the terms of his probation and was then sentenced to the state penitentiary, his sentence being suspended. Defendant argues that since he was not sentenced to the state penitentiary until January, 1940, a date later than the offenses charged in the information, he could not be charged at the trial of the present action with having been convicted of a felony. There is no merit in this contention. When defendant was convicted of the violation of the Narcotic Act he stood

convicted of a felony. His status could have been changed by "a judgment imposing a punishment other than imprisonment in the state prison". (Sec. 17, Pen. Code; *In re Rogers,* 20 Cal. App. (2d) 397 [66 Pac. (2d) 1237]; *In re Miller,* 218 Cal. 698 [24 Pac. (2d) 766].) No such judgment was imposed but rather a judgment was later imposed by which defendant was sentenced to the penitentiary.

The judgment and the order denying the motion for a new trial are affirmed.

Moore, P. J., and McComb, J., concurred.