Carlos Efren **HERNANDEZ-VALEN-SUELA**, Petitioner,

v.

George K. **ROSENBERG**, as District Director, Immigration and Naturalization Service, Respondent.

No. 17637.

United States Court of Appeals
Ninth Circuit.

June 13, 1962.

John S. Rhoades, San Diego, Cal., for appellant.

Francis C. Whelan, U. S. Atty., Donald A. Fareed and Frederick M. Brosio, Jr., Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before MERRILL and DUNIWAY, Circuit Judges, and TAVARES, District Judge.

MERRILL, Circuit Judge.

This case presents the question whether the conviction of a person for a narcotics offense which is followed by sentence under the Youth Offenders' Act is final for purposes of deportation under the Immigration and Nationality Act. We hold that it is.

On March 21, 1960, petitioner entered a plea of guilty in the United States District Court for the Southern District of California, Southern Division, for illegally importing narcotics into the United States in violation of 21 U.S.C. § 174. He was sentenced under the Youth Correction Act, 18 U.S.C. § 5010(b), which provides that "if the court shall find that a convicted person is a youth offender * * *" the court may sentence him to the custody of the Attorney General. Section 5021(a) provides:

> "Upon the unconditional discharge by the Division of a committed youth offender before the expiration of the maximum sentence imposed upon him, the conviction shall be automatically set aside * * *."

While he was in the federal correctional institution at Lompoc, California, deportation proceedings were instituted against petitioner and he was ordered deported pursuant to § 241(a) (11), the Immigration and Nationality Act, 8 U.S.C. § 1251(a) (11).[1] From this order he has appealed.

Petitioner contends that his conviction was not final. In this respect he relies on Pino v. Landon, 1955, 349 U.S. 901, 75 S.Ct. 576, 99 L.Ed. 1239, which, per curiam, reversed Pino v. Nicolls, 1 Cir., 1954, 215 F.2d 237.

The court of appeals opinion contains a description of the Massachusetts procedure which the Supreme Court considered not to have the requisite finality. In that case petitioner was convicted in the district court. From that conviction he had

1. "(a) Any alien in the United States (including an alien crewman) shall, upon the order of the Attorney General, be deported who * * * (11) is, or hereafter at any time after entry has been, a narcotic drug addict, or who at any time has been convicted of a violation of any law or regulation relating to the illicit traffic in narcotic drugs * * *."

a right to a trial de novo in the superior court, if he took an appeal. The district court suspended the imposition of sentence for one year. At the end of that year the court could either require petitioner to serve the sentence imposed or place the sentence on file. By placing the sentence on file, under the local procedure petitioner was given what amounted to an indefinite probation, with the crucial difference that if the court ever removed the case from file to require petitioner to serve the sentence, he would then be entitled to a de novo review on appeal. Under these circumstances, especially the availability of de novo review, there was no adjudication, which would be recognized as final in Massachusetts, that petitioner had committed any crime.

Sentence under the Youth Offenders' Act is quite a different thing. Sentence is imposed upon an adjudication of the defendant's violation of the laws of the United States. Once the time for appeal has passed, the adjudication of guilt becomes final. It is true that the sentence imposed carries with it the possibility of congressional grace upon unconditional discharge, but such possibility of future grace in no respect affects the present fact of guilt.

That Congress did not intend such provision for forgiveness to affect the offender's deportability is strongly suggested by 8 U.S.C. § 1251(b),[2] in which Congress explicitly states its judgment that, although the law is contrary in other cases, in the case of narcotics offenses neither executive pardon nor judicial judgment of leniency shall prevent deportation.

We conclude that the possibility that a youth offender's conviction might be set aside does not in narcotics cases deprive that conviction of the finality necessary to warrant deportation.

Judgment affirmed.

---

**2.** "The provisions of subsection (a) (4) of this section respecting the deportation of an alien convicted of a crime or crimes shall not apply (1) in the case of any alien who has subsequent to such conviction been granted a full and unconditional pardon by the President of the United States or by the Governor of any of the several States, or (2) if the court sentencing such alien for such crime shall make, at the time of first imposing judgment or passing sentence, or within thirty days thereafter, a recommendation to the

Attorney General that such alien not be deported, due notice having been given prior to making such recommendation to representatives of the interested State, the Service, and prosecution authorities, who shall be granted an opportunity to make representations in the matter. *The provisions of this subsection shall not apply in the case of any alien who is charged with being deportable from the United States under subsection (a) (11) of this section."* [Emphasis added.!