George ZABANAZAD, Petitioner,

v.

George K. ROSENBERG, District Director of Immigration and Naturalization of the Department of Justice at Los Angeles, California, Respondent.

No. 17647.

United States Court of Appeals
Ninth Circuit.

Aug. 15, 1962.

David C. Marcus, Los Angeles, Cal., for appellant.

Francis C. Whelan, U. S. Atty., Donald A. Fareed, Asst. U. S. Atty., Chief, Civil Section, and Frederick M. Brosio, Jr., Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before BARNES and HAMLIN, Circuit Judges, and PLUMMER, District Judge.

PLUMMER, District Judge.

The Court's jurisdiction is here invoked under the provisions of Public Law 87–301 (75 Stat. 650), 8 U.S.C.A. § 1105a(a), effective September 26, 1961, which provides for "[a] judicial review of all final orders of deportation".

George Zabanazad, a native and citizen of Iran, was admitted to the United States for permanent residence on December 3, 1954. On February 3, 1960, a Minute Order was entered in the Superior Court of the State of California, City and County of Los Angeles, which recited that petitioner had been duly found guilty of the crime of violation of § 11530 of the California Health and Safety Code. The order stated that petitioner was under 20 years of age at the time of his apprehension. It ordered, adjudged and decreed that petitioner be committed to the Youth Authority of the State of California for the term prescribed by law and provided that petitioner be remanded to the custody of the Sheriff to be held in County Jail under the jurisdiction of the Youth Authority subject to any orders the Authority might issue.

On April 21, 1961, a special inquiry officer of the Immigration and Naturalization Service issued an order that petitioner be deported from the United States pursuant to 8 U.S.C.A. § 1251(a) (11), for the reason that petitioner had been convicted of a violation of a law or regulation relating to the illicit possession of narcotic drugs or marijuana, in violation of § 11530 of the California Health and Safety Code. On June 19, 1961, the Board of Immigration Appeals dismissed petitioner's appeal from this order. The order of deportation has never been revoked.

Petitioner has not been discharged from control by the Youth Authority of the State of California, the Superior Court has not set aside its finding of guilty nor has the information against petitioner been dismissed.

The question presented is whether the order of the Superior Court finding petitioner guilty of a violation of § 11530 of the California Health and Safety Code pursuant to which finding petitioner was ordered committed to the Youth Author-

ity of the State of California for the term prescribed by law is a "conviction".

In Adams v. United States, 299 F.2d 327 (9 Cir. 1962), where a defendant had been found guilty in the Superior Court for the State of California of being in possession of marijuana in violation of § 11500 of the California Health and Safety Code and was ordered committed to the Youth Authority for the term prescribed, by law, this Court held that he had been convicted within the meaning of 18 U.S.C. § 1407.

We are of the opinion that the Court's reasoning and the authorities cited in the Adams case are controlling in this case and the order of February 3, 1960, in the Superior Court is a conviction within the meaning of 8 U.S.C.A. § 1251(a) (11).

The order of deportation is affirmed.