Samuel Murillo GUTIERREZ, Appellant,

v.

IMMIGRATION AND NATURALIZATION SERVICE AT LOS ANGELES, Respondent.

No. 18565.

United States Court of Appeals
Ninth Circuit.

Oct. 11, 1963.

594

David C. Marcus, Los Angeles, Cal., for appellant.

Francis C. Whelan, U. S. Atty., Donald A. Fareed, Asst. U. S. Atty., Chief of Civil Section, and James R. Dooley, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before BARNES and JERTBERG, Circuit Judges, and STEPHENS, Jr., District Judge.

JERTBERG, Circuit Judge.

Before us is a petition to review a final order of deportation in which petitioner asks us to determine that he is not a deportable alien and that the order of deportation outstanding against him be annulled.

This Court's jurisdiction is invoked under the provisions of Public Law 87–301 (75 Stat. 650), 8 U.S.C.A. § 1105a (a), effective September 26, 1961, which provides for "(a) judicial review of all final orders of deportation."

Petitioner is an alien, a native and citizen of the Republic of Mexico. He last entered the United States at El Paso, Texas, on or about March 1, 1956.

On April 20, 1962 an information was filed against petitioner in the Superior Court of the State of California, in and for the County of Los Angeles, charging him with having violated Section 11530 of the California Health and Safety Code in that, on or about March 30, 1962, he did wilfully, unlawfully and feloniously have possession of a narcotic, to wit: marijuana. On August 23, 1962 petitioner was, by the court, found guilty as charged. The court ordered a probation report and continued the proceedings. On October 15, 1962 the court suspended proceedings and placed the petitioner on probation for three years on the condition, among other things, that he spend the first ninety days in the county jail.

On November 20, 1962 an order to show cause and notice of hearing was issued by the Immigration and Naturalization Service charging the petitioner was subject to deportation under the provisions of Section 241(a) of the Immigration and

Nationality Act, 8 U.S.C.A. § 1251(a), which in pertinent part provides:

"(a) Any alien in the United States (including an alien crewman) shall, upon the order of the Attorney General, be deported who—

\* \* \* \* \* \*

"(11) is, or hereafter at any time after entry has been, a narcotic drug addict, or who at any time has been convicted of a violation of, or a conspiracy to violate, any law or regulation relating to the illicit possession of or traffic in narcotic drugs or marihuana, \* \* \*."

Pursuant to the order to show cause a deportation hearing was held at Los Angeles, California, on December 18, 1962, at which hearing petitioner was represented by the same counsel who appears on behalf of petitioner on this petition for review. At the conclusion of the hearing, the presiding Special Inquiry Officer rendered his decision ordering that petitioner be deported from the United States to Mexico on the charge contained in the order to show cause. Petitioner appealed the decision of the Special Inquiry Officer to the Board of Immigration Appeals, United States Department of Justice, and on February 1, 1963, that Board dismissed petitioner's appeal in reliance upon the decision of this Court in Arrellano-Flores v. Hoy, 262 F.2d 667 (9th Cir., 1958); cert. denied, 362 U.S. 921, 80 S.Ct. 673, 4 L.Ed. 2d 740.

On this review petitioner contends that the Immigration Service erred in determining:

"1) That your appellant had been 'convicted' of a crime 'which subjected him to deportation' under the terms of section 241(a) (11) of the Immigration and Naturalization Act, Title 8 and 9 United States Code Annotated 1251(a) (11).

"2) That the proceedings upon which appellant was found guilty had reached such finality that an order of deportation could be predicated thereon."

Under the first assignment of error, petitioner's contention is that he was not "convicted" under the laws of the State of California and therefore was not a deportable person under Section 241(a) of the Immigration and Naturalization Act above quoted.

It is to be noted that Section 241(a) provides in substance that any alien in the United States shall, upon the order of the Attorney General, be deported who at any time has been *convicted* of a violation of any law relating to the illicit possession of marijuana. (Emphasis added.) Petitioner seeks to construe the section as though it read in substance that any alien in the United States shall, upon the order of the Attorney General, be deported against whom at any time there has been rendered a *judgment of conviction* of a violation of any law relating to the illicit possession of marijuana. The distinction between a "conviction" and a "judgment of conviction" has long been recognized by the Courts of California. In In re Marquez, 3 Cal. 2d 625 at page 627, 45 P.2d 342 at page 343 (1935), the Supreme Court of California stated:

"In this cause, although defendant was guilty and had been *convicted*, having been placed on probation in the first instance there was no *existing judgment* against him. Probation is not a judgment. People v. DeVoe, 123 Cal.App. 233, 11 P.(2d) 26; People v. Patello, 125 Cal.App. 480, 13 P.(2d) 1068; People v. Noone, 132 Cal.App. 89, 22 P.(2d) 284; People v. Neel, 133 Cal.App. 332, 24 P.(2d) 230."

In People v. Banks, 53 Cal.2d 370, 1 Cal.Rptr. 669, 348 P.2d 102 (1959), heavily relied upon by the petitioner, the defendant pleaded guilty to a violation of the Motor Vehicle Code of the State. He was granted three years probation with twelve months incarceration in the county jail as condition thereof. The probation expired without revocation and defendant was not sentenced to prison at any time, although no proceedings were had to dismiss the accusation as provided for in

the California law. Later the defendant was convicted of the offense of possessing a firearm capable of being concealed upon the person by one previously convicted of a felony. The Supreme Court of California held that the earlier conviction constituted a prior conviction of a felony to support the latter charge. In doing so the court, after distinguishing the earlier decision of In re Rosencrantz (1931), 211 Cal. 749, 297 P. 15, also relied upon by the petitioner, declared at pp. 390–391 of 53 Cal.2d, at p. 683 of 1 Cal.Rptr., at p. 116 of 348 P.2d:

> "* * * In view of the above noted matters, In re Rosencrantz (1931), supra, 211 Cal. 749, 297 P. 15, cannot be considered as authority contrary to the general California rule that 'A plea of guilty constitutes a conviction.' [Stephens v. Toomey (1959), supra, 51 Cal.2d 864, 869(1), 338 P.2d 182.]"

Further, the Court stated at p. 391 of 53 Cal.2d, at p. 683 of 1 Cal.Rptr., at p. 116, of 348 P.2d:

> "We recognize that 'conviction' has sometimes been given the meaning of a final *judgment* of conviction (see Truchon v. Toomey (1953), 116 Cal. App.2d 736, 738–745, 254 P.2d 638, 36 A.L.R.2d 1230), but that meaning does not appear appropriate here."

The same distinction is recognized in the latest expression of the Supreme Court of California to which our attention was called by counsel for petitioner on oral argument. It is the case of People of the State of California v. Arguello, 59 A.C. 494, 30 Cal.Rptr. 333, 381 P.2d 5, decided April 30, 1963. At page 495 of 59 A.C., at p. 334 of 30 Cal.Rptr., at p. 6 of 381 P.2d the court stated:

> "In granting probation after a *conviction*, the trial court may suspend the imposition of sentence, in which case no judgment of conviction is rendered, or it may impose sentence and order the execution thereof stayed. In the latter case a judgment of conviction has been rendered. (In re Phillips, 17 Cal.2d 55,

58 [1], 109 P.2d 344, 132 A.L.R. 644.)" (Emphasis added).

■ We are satisfied under California law that the word "convicted" signifies the status of a person after entry of a plea of guilty to a criminal charge or against whom a verdict of guilty of a criminal charge has been returned by a jury, and that the phrase "a judgment of conviction" means the imposition of a sentence upon a person who has been convicted of a criminal charge after a plea of guilty or the rendition of a guilty verdict. The same contention presented to us in this appeal was rejected by this court in Arrellano-Flores v. Hoy, supra, where we stated at page 668 of 262 F. 2d:

> "But if our question is whether California would consider on this record there was a conviction, then it is clear that California has answered in the affirmative. In re Morehead, 107 Cal.App.2d 346, 237 P.2d 335; People v. Christman, 41 Cal.App.2d 158, 106 P.2d 32."

To the same effect see Adams v. United States, 299 F.2d 327 (9th Cir., 1962); Hernandez-Valensuelos v. Rosenberg, 304 F.2d 639 (9th Cir., 1962); Zabanazad v. Rosenberg, 306 F.2d 861 (9th Cir., 1962).

■ It is clear to us that under California law the petitioner has been convicted of a crime which subjected him to deportation under the terms of Section 241(a) (11). However, we should note that we share the views of this Court expressed in Arrellano-Flores v. Hoy, supra, 262 F.2d at page 668:

> "* * *, [W]e are inclined to the belief that perhaps here Congress intended to do its own defining rather than leave the matter to the variable state statutes. Credence for this view can be found in the fact the present statute reads 'convicted' while its predecessor, 46 Stat. 1171 (Chap. 224), read 'convicted and sentenced.' It would appear that federal courts have generally taken the view that a plea of guilty or a finding of guilty, which is in repose and re-

mains undisturbed, amounts to a conviction. See Kercheval v. United States, 274 U.S. 220, 47 S.Ct. 582, 71 L.Ed. 1009." (Emphasis added.)

 Under the second specification of error, petitioner places his reliance on Pino v. Landon, 349 U.S. 901, 75 S.Ct. 576, 99 L.Ed. 1239 (1955) which per curiam reverses Pino v. Nicolls, 215 F.2d 237 (1st Cir., 1954). The inapplicability of the Pino decision to this review is made clear in Hernandez-Valensuelos v. Rosenberg, supra, where we stated, 304 F.2d at page 639:

"Petitioner contends that his conviction was not final. In this respect he relies on Pino v. Landon, 1955, 349 U.S. 901, 75 S.Ct. 576, 99 L.Ed. 1239, which, per curiam, reversed Pino v. Nicolls, 1 Cir., 1954, 215 F.2d 237.

"The court of appeals opinion contains a description of the Massachusetts procedure which the Supreme Court considered not to have the requisite finality. In that case petitioner was convicted in the district court. From that conviction he had a right to a trial de novo in the superior court, if he took an appeal. The district court suspended the imposition of sentence for one year. At the end of that year the court could either require petitioner to serve the sentence imposed or place the sentence on file. By placing the sentence on file, under the local procedure petitioner was given what amounted to an indefinite probation, with the crucial difference that if the court ever removed the case from file to require petitioner to serve the sentence, he would then be entitled to a de novo review on appeal. Under these circumstances, especially the availability of de novo review, there was no adjudication, which would be recognized as final in Massachusetts, that petitioner had committed any crime."

Under the express provisions of Section 1237 of the Penal Code of the State of California, an appeal may be taken by the defendant from an order granting probation, such order being deemed to be a final judgment within the meaning of the section. There is no merit in petitioner's contention that the criminal proceedings in the State of California, which resulted in petitioner's conviction, do not have sufficient finality to support the order of deportation.

The order of deportation outstanding against petitioner is sustained. The petition for review is denied.