Maria **GARCIA–GONZALES**, Petitioner,

v.

**IMMIGRATION AND NATURALIZA-
TION SERVICE**, Respondent.

No. 18375.

United States Court of Appeals
Ninth Circuit.

April 28, 1965.

Joseph S. Hertogs, San Francisco, Cal., for petitioner.

Cecil F. Poole, U. S. Atty., Charles Elmer Collett, James Hewitt, Asst. U. S. Attys., San Francisco, Cal., for respondent.

Before MADDEN, Judge, Court of Claims, and JERTBERG and DUNIWAY, Circuit Judges.

DUNIWAY, Circuit Judge:

Petitioner was born in Mexico in 1914. When she was not quite ten years old, she entered the United States as an immigrant and she has resided in this country ever since, her period of residence now being over forty years. She has never been naturalized, and remains a Mexican national. So far as appears, she has been a self-respecting, self-supporting member of the communities in which she has lived. However, in 1961 she pled guilty to two counts of a six-count information that had been filed against her in the Superior Court of the State of California, County of San Benito, charging violations of sections 11500 and 11501 of the California Health and Safety Code. The two counts to which she pled guilty charged her with the unlawful possession of heroin. Her plea of guilty was accepted and she was given three years probation, two of the terms of which were that she was to serve six months in the county jail and pay a fine of $1,000. This judgment was entered against her on November 14, 1961.

Under date of December 4, 1961 she was served with an order to show cause and notice of hearing in deportation proceedings. This notice alleged her conviction and that by reason of it she was subject to deportation pursuant to section 241(a) (11) of the Immigration and Nationality Act (the Act) (8 U.S.C. § 1251 (a) (11)).[1] A hearing was held on December 19, 1961 at which proof of the conviction was received in evidence and she admitted the conviction. On the same day the Special Inquiry Officer decided that she was subject to deportation

1. "(a) Any alien in the United States * * * shall * * * be deported who—* * * (11) * * * at any time has been convicted of a violation of any law or regulation relating to the illicit traffic in narcotic drugs, or who has been convicted of a violation of * * * any law or regulation governing or controlling the taxing, manufacture, production, compounding, transportation, sale, exchange, dispensing, giving away, importation, exportation, or the possession for the purpose of the manufacture, production, compounding, transportation, sale, exchange, dispensing, giving away, importation or exportation of * * * heroin * * *."

and ordered that she be deported to Mexico. On February 9, 1962, she appealed to the Board of Immigration Appeals. Her appeal was dismissed on February 25, 1962. The Board found that the order was fully supported by the evidence and that petitioner was not eligible for any form of discretionary relief.

On November 5, 1962 petitioner again appeared before the Superior Court of California, San Benito County. Her probation was terminated and she withdrew her plea of guilty and pled not guilty to the charge. This was done pursuant to section 1203.4 of the California Penal Code.[2] The record does not affirmatively show that upon withdrawal of the plea of guilty and substitution of the plea of not guilty the court actually dismissed the information against her. However, the language of the statute is mandatory, and we presume therefore that the court did so. On November 8, 1962 petitioner moved to reopen or reconsider the deportation order of December 19, 1961 and the decision of the Board of Immigration Appeals of February 26, 1962 on the ground that her conviction had been wiped out or expunged under the provisions of the California Penal Code. On December 4, 1962 the Board of Immigration Appeals denied the motion and dismissed the appeal. This proceeding was filed on January 19, 1963.

■ At the time that the matter was argued before us, it appeared that under our decisions an order refusing to reopen or reconsider a final order of deportation was not subject to review in a proceeding such as this, which was filed pursuant to section 106 of the Act (8 U.S.C. § 1105a, as amended in 1961). Our decisions were based on the ground that this section authorized review by us of final orders of deportation only, and that a refusal to reopen or reconsider is not such an order. See Giova v. Rosenberg, 9 Cir., 1962, 308 F.2d 347. The Supreme Court had granted certiorari in the Giova case and we therefore deferred submission of this case pending its decision. On October 26, 1964 the Court decided the Giova case (379 U.S. 18, 85 S.Ct. 156, 13 L.Ed.2d 90), reversing our decision and remanding the case to us with directions to entertain the petition for review. Under that decision we have jurisdiction in the present case. We therefore proceed to the merits.

■ The sole question presented is whether the setting aside of the plea of guilty, entry of a plea of not guilty, and dismissal of the information, pursuant to California law, has so far "wiped out" or "expunged" the conviction upon which the deportation order rests that that order must be reconsidered. We answer this question in the negative.

While the precise question has not heretofore been decided by us, our prior decisions point to and, indeed, require the result that we now reach. In Arrellano-Flores v. Hoy, 9 Cir., 1958, 262 F.2d 667 the alien was convicted in a Cali-

---

2. "Every defendant who has fulfilled the conditions of his probation for the entire period thereof, or who shall have been discharged from probation prior to the termination of the period thereof, shall at any time thereafter be permitted by the court to withdraw his plea of guilty and enter a plea of not guilty; or if he has been convicted after a plea of not guilty, the court shall set aside the verdict of guilty; and in either case the court shall thereupon dismiss the accusations or information against such defendant, who shall thereafter be released from all penalties and disabilities resulting from the offense or crime of which he has been convicted. The probationer shall be informed of this right and privilege in his probation papers. The probationer may make such application and change of plea in person or by attorney, or by the probation officer authorized in writing; provided, that in any subsequent prosecution of such defendant for any other offense, such prior conviction may be pleaded and proved and shall have the same effect as if probation had not been granted or the accusation or information dismissed.

"Dismissal of an accusation or information pursuant to this section does not permit a person to own, possess or have in his custody or control any firearm capable of being concealed upon the person or prevent his conviction under Section 12021."

fornia court of unlawfully selling marihuana. The proceedings in the state court were suspended and probation was granted upon condition that the alien serve one year in the county jail. We held that this was nevertheless a conviction within the meaning of section 241 (a) (11). We there pointed out that California has held that such a disposition is a conviction. (In re Morehead, 107 Cal.App.2d 346, 237 P.2d 335; People v. Christman, 41 Cal.App.2d 158, 106 P. 2d 32.) We also indicated a belief that in enacting the statute, "Congress intended to do its own defining [of 'conviction'] rather than leave the matter to variable state statutes."

In Adams v. United States, 9 Cir., 1962, 299 F.2d 327, a citizen had been found guilty of unlawful possession of marihuana and committed to the California Youth Authority for the term prescribed by law. We held that this was a conviction, within the meaning of a statute requiring a person convicted of a violation of any narcotic law to register before departing from or entering into the United States. (18 U.S.C. § 1407). In that case, citing Arrellano-Flores, supra, we said: "[W]e do not think that 18 U.S.C. § 1407 incorporates all of the niceties and nuances of state laws on the subject of conviction." We also held that evidence offered to show that the alien's conviction had been "wiped out" pursuant to the provisions of section 1772 of the California Welfare and Institutions Code was properly excluded. That section, which is quoted in our opinion in Adams, is quite similar to section 1203.4 of the California Penal Code. In so holding, we cited and quoted from our decision in Wood v. Hoy, 9 Cir., 1959, 266 F.2d 825.

Wood v. Hoy was another case in which there was a suspended sentence. We held that the alien had nevertheless been convicted within the meaning of section 241 (a) (4) of the Act, which deals with convictions of offenses involving moral turpitude other than narcotic offenses. The alien there relied upon section 1203.4 of the California Penal Code, and we said "[b]ecause California courts retain some control over the final disposition of a probationer's criminal record, it does not follow that such control precludes a finding that the probationer was 'convicted' by that court." We also pointed out that under decisions of the California courts relating to section 1203.4 of the California Penal Code, that section does not in fact wipe out a conviction for all purposes.[3]

---

3. Respondent in its brief points to the following particulars in which the conviction is not "wiped out", in addition to those specified in the section itself: "The California statute itself conditions the setting aside of the verdict and the release of disabilities upon the fact of conviction—'if he has been convicted,' supra—and it also provides within its own test that the later changing of the record shall be ineffective in a subsequent prosecution for another offense. People v. Hainline, 219 Cal. 532, 534 [28 P.2d 16]; People v. Barwick, 7 Cal.2d 696, 699, 62 Pac.2d 590; People v. Christman, 41 Cal.App.2d 158, 160, 106 Pac.2d 32; People v. Acosta, 115 Cal.App. 103, 107, 1 Pac.2d 43; People v. Majado, 22 Cal. App.2d 323, 326, 70 Pac.2d 1015; People v. Leach, 22 Cal.App.2d 525, 528, 71 Pac. 2d 594. Under the California Vehicle Code, Section 309, the changed record will not prevent revocation of a vehicle license for two or more convictions. Ellis v. Department of Motor Vehicles, 51 Cal.App. 2d 753, 757–758, 125 Pac.2d 521; cf. [contra] Sherry v. Ingels, 34 Cal.App.2d 632, 634–635, 94 Pac.2d 77. The conviction also remains effective, despite the so-called expunging: for impeachment of the offender as a witness, People v. O'Brand, 92 Cal.App.2d 752, 755–756, 207 Pac.2d 1083; People v. James, 40 Cal.App.2d 740, 746, 747, 105 Pac.2d 947; cf. [contra] People v. Mackey, 58 Cal.App. 123, 131, 208 Pac. 135; for disbarment as an attorney, Roth v. State Bar, 40 Cal.2d 307, 309, 312, 253 Pac.2d 969; In re Phillips, 17 Cal.2d 55, 57–61, 63–64, 109 Pac.2d 344, 132 A.L.R. 644; cf. In re Hickman, 18 Cal.2d 71, 74, 113 Pac.2d 1; for suspending a physician's license, Meyer v. Board of Medical Examiners, 34 Cal. 2d 62, 65–67, 206 Pac.2d 1085; for proof in an action on injuries arising out of the offense, Vaughn v. Jonas, 31 Cal.2d [586] 587, 594–596, 191 Pac.2d 432; and for continuing the duty of an ex-convict to register under local ordinances or under sex offenders' registration, 28 Ops.Atty.

808

In Hernandez-Valensuela v. Rosenberg, 9 Cir., 1962, 304 F.2d 639, it was claimed that a comparable provision of the Federal Youth Correction Act (18 U.S.C. § 5021(a)), under which the conviction of a youth offender is automatically set aside upon his unconditional discharge before the expiration of the maximum sentence imposed, did not have the effect of rendering his conviction not final. However, it did not appear that the alien involved in that case had in fact been discharged. In discussing the problem, we said: "It is true that the sentence imposed carries with it the possibility of congressional grace upon unconditional discharge, but such possibility of future grace in no respect affects the present fact of guilt" (p. 640). We also pointed out that section 241(b) of the Immigration and Nationality Act (8 U.S.C. § 1251 (b)) evidences a congressional intent that such a statutory provision for forgiveness is not to affect the offender's deportability.

We made similar rulings in other cases. Zabanazad v. Rosenberg, 9 Cir., 1962, 306 F.2d 861, like this case, involved subsection (a), subdivision (11) of section 241. The alien was a state offender who had been committed to the California Youth Authority, and we cited and followed Adams, supra. In Gutierrez v. Immigration and Naturalization Service, 9 Cir., 1963, 323 F.2d 593, the alien was convicted in a California court of unlawful possession of marihuana. The proceeding was then suspended and he was placed on probation. We held, citing Arrellano-Flores, supra, that the defendant had been convicted within the meaning of the statute. The opinion relies in part upon Adams, Hernandez-Valensuela, and Zabanazad, supra.

We recognize that none of these cases decides the precise question here pre-sented, because in none of them had the alien completed his probation and received the benefit of the provisions of section 1203.4 of the California Penal Code or of a comparable statute. Perhaps the Adams case is most closely in point. But we think that the principles that they apply require the conclusion that the California statute does not "wipe out" the conviction or "expunge" it for the purposes of section 241(a) (11) of the Immigration and Nationality Act.

Militating against petitioner's contentions are the following considerations:

1. Section 1203.4 rewards a convict who has fulfilled the terms of his probation, first, by changing the record of his conviction to show a plea of not guilty and a dismissal, and second, by releasing him "from all penalties and disabilities resulting from the offense or crime of which he has been convicted." We would take these to be penalties and disabilities imposed by California law. We doubt that the California legislature intended to, or could, release petitioner from penalties or disabilities imposed by federal law, although Congress could, if it chose, give California's action that effect. Moreover, by its own terms, as well as by the terms of other statutes, section 1203.4 does not, in fact, release all penalties and disabilities. (Footnote 3, supra).

2. It is sheer fiction to say that the conviction is "wiped out" or "expunged." What the statute does is reward the convict for good behavior during probation by releasing certain penalties and disabilities.

3. As we said of section 1772 of the California Welfare and Institutions Code and 18 U.S.C. § 1407 in Adams v. United States, supra, 299 F.2d pp. 330–331: "We have already indicated that the applicability of § 1407 does not depend upon

Gen.Cal. 178, 184–185." There are also many statutory exceptions to the stated effect of section 1203.4: Cal.Bus. and Prof. Code §§ 1679 (discipline of dentists); 2383, 2384 (discipline of physicians); 2963 (discipline of licensed psychologists); 6102 (discipline of attorneys); 10,177 (discipline of licensed real estate dealers); 10,302 (discipline of licensed business opportunity brokers); 10562 (discipline of mineral, oil and gas licensees); Cal.Vehicle Code § 13555 (revocation of motor vehicle drivers' licenses); Cal.Education Code §§ 12910, 12911 (discipline of teachers).

all of the peculiarities of the laws of the various states. We think that this is particularly true with reference to such a statute as California's. We are told that it is almost unique in this country. (Comment, 2 Stan.L.R. 221, 222. See, however, Nevada Rev.Stat. § 176.340, and 18 U.S.C. § 5021). It would defeat the purposes of § 1407, which we discussed at some length in Reyes v. United States, supra, 9 Cir., 1958, 258 F.2d 774, if provisions of local law, dealing with rehabilitation of convicted persons, could remove them from the ambit of § 1407. Many of the states have such provisions, but most of them do not reward the convicted by a technical wiping out of the conviction. Thus, under appellant's theory, most persons who are as fully rehabilitated as he would have to register, whereas he, because of the peculiarity of California law, would not. We do not think Congress intended such a result." We think that the same reasoning is applicable to section 241(a) (11) of the Act and California Penal Code § 1203.4. The Attorney General has taken the same position in his decision in Matter of A.......... F.........., 8 I. & N. Dec. 429, 445–46:

"The history of § 241(a) (11) convinces me that Congress did not intend that aliens convicted of narcotic violations should escape deportation because, as in California, the State affords a procedure authorizing a technical erasure of the conviction. Traffic in narcotics has been a continuing and serious Federal concern. Congress has progressively strengthened the deportation laws dealing with aliens involved in such traffic. Thus, as indicated above, in 1940 the deportation statute was amended to eliminate the requirement that in addition to a conviction there must be a sentence. At the same time the statute was extended to convictions for violation of State as well as Federal statutes. And, since the 1956 amendment an alien may no longer escape deportability by proffering a pardon. In the face of this clear national policy, I do not believe that the term 'convicted' may be regarded as flexible enough to permit an alien to take advantage of a technical 'expungent' [sic] which is the product of a state procedure wherein the merits of the conviction and its validity have no place. I believe that Congress' intended the inquiry to stop at the point at which it is ascertained that there has been a conviction in the normal sense in which the term is used in Federal law. See Berman v. United States, 302 U.S. 211 [58 S.Ct. 164, 82 L.Ed. 204]. (A defendant is convicted even though the trial court, after imposing sentence, has placed the defendant on probation.) Of course, if the conviction is still subject to reversal by the usual processes of appellate scrutiny, the statute is not satisfied. But beyond this I do not think the inquiry can extend, consonant with the Congressional purpose and policy. I, therefore, regard it as immaterial for the purposes of § 241(a) (11) that the record of conviction has been cancelled by a state process such as is provided by § 1203.4 of the California Penal Code and by § 1772 of its Welfare and Institutions Code.

"Moreover, to follow the Board's view would make the deportability of the alien depend upon the vagaries of state law. It has been said that only in California and a few other States is provision made for the cancellation of a record of conviction or for the withdrawal of a plea of guilty, upon the termination of probation. Probation and Related Measures (U.N. Publication No. 1951, IV, 2) 106. And § 1203.4 of the California Penal Code (and presumably § 1772 of the California Welfare and Institutions Code) has been characterized as 'without parallel in the legislation of any other state' in providing for a release of the probationer from all penalties and disabilities resulting from con-

viction. 2 Stan.Law Rev. 221, 222 (1949). It is hardly to be supposed that Congress intended, in providing for the deportation of aliens convicted of narcotic violations, to extend preferential treatment to those convicted in the few jurisdictions, which, like California, provide for the expungement of a record of conviction upon the termination of probation."

We applied similar reasoning to 18 U.S.C. § 5021(a) in Hernandez-Valensuela v. Rosenberg, supra.

We are aware that the Immigration and Naturalization Service has long held that a convicted person who has actually received the benefit of the provisions of section 1203.4 of the California Penal Code cannot be deported under section 241(a), subdivision (4) of the Act. (Matter of F. . . . . ., B.I.A.1942, 1 I. & N. Dec. 343; Matter of O. . . . . . T. . . . . ., B.I.A.1951, 4 I. & N. Dec. 265; Matter of E. . . . . . V. . . . . ., B.I.A.1953, 5 I. & N. Dec. 194; cf. Matter of H. . . . . ., B.I.A.1955, 6 I. & N. Dec. 619. The Board of Immigration Appeals and the Attorney General have made similar rulings as to the effect of a somewhat comparable Texas statute. (Matter of G. . . . . ., B.I.A.1941, 1 I. & N. Dec. 96; Matter of L. . . . . . R. . . . . ., Attorney General 1957, 7 I. & N. Dec. 322). The Board made a similar ruling in connection with a narcotics conviction in Matter of D. . . . . ., 1958, 7 I. & N. Dec. 670. This, however, was overruled by the Attorney General in Matter of A. . . . . . F. . . . . ., supra. Moreover, being consistent with section 1203.4's own terms, the service has held that a second conviction makes available for deportation purposes a prior conviction that had been "expunged" under that section. (Matter of S. . . . . . R. . . . . ., B.I.A.1957, 7 I. & N. Dec. 495). These decisions relating to subdivision (4) have recently been reaffirmed by the Attorney General in Matter of G. . . . . ., 1961, 9 I. & N. Dec. 165, in which he distinguishes Matter of A. . . . . . F. . . . . ., supra.

We are aware, too, that matters of doubt should be resolved in favor of the alien in deportation proceedings, because of the severity of the remedy invoked. (Fong Haw Tan v. Phelan, 1948, 333 U.S. 6, 68 S.Ct. 374, 92 L.Ed. 433). Our duty, taking into account applicable rules of construction, is to ascertain the intention of Congress. We agree with the Attorney General as to that intention, in reference to aliens convicted of offenses mentioned in subdivision (11). We express no view as to subsection (4).

Affirmed.