**Leonard Alfred BROWNRIGG, Appellant.**

v.

**The UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, Appellee.**

**No. 20354.**

United States Court of Appeals
Ninth Circuit.

Feb. 16, 1966.

Atkins & Jacobson, Beverly Hills, Cal., for appellant.

Manuel L. Real, U. S. Atty., Frederick M. Brosio, Jr., Asst. U. S. Atty., Chief, Civil Div., Larry L. Dier, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before BARNES and ELY, Circuit Judges, and CROCKER, District Judge.

BARNES, Circuit Judge:

This is a petition for review of an order of deportation. We have jurisdiction. (8 U.S.C. § 1105a.) Appellant was convicted of illicit possession of marijuana, violating § 11530, Health and Safety Code of the State of California. Appellant denied that a conviction existed because of subsequent so-called "expungement" proceedings—California Penal Code, § 1203.4.

■ We have already held that section does not wipe out the conviction or "expunge" it for the purposes of § 241(a)(11) of the Immigration and Nationality Act. Garcia-Gonzales v. Immigration and Naturalization Service, 344 F.2d 804 (9th Cir. 1964), cert. den. 382 U.S. 840, 86 S.Ct. 88, 15 L.Ed.2d 81; Kelly v. Immigration and Naturalization Service, 349 F.2d 473 (9th Cir. 1965), cert. den.

382 U.S. 932, 86 S.Ct. 326, 15 L.Ed.2d 344. We follow said cases.

■ There was no error in admitting evidence of appellant's conviction despite "expungement;" no matter how illogical appellant thinks it may be. Congress was legislating with reference to an existing statute (§ 11530, Calif. Health & Safety Code), and not with respect to that state statute as it is partially modified by Penal Code § 1203.4. See discussion by Judge Duniway in Garcia-Gonzales v. Immigration and Naturalization Service, supra.

Judge Ely retains the view which he, dissenting, expressed in Kelly v. Immigration and Naturalization Service, supra, but he has authorized the statement that he, yielding to controlling precedent, concurs in this opinion.

Affirmed.