Maximilliano de la **CRUZ–MARTINEZ,** also known as **Max Cruz, Max de la Cruz, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 22761.**

United States Court of Appeals Ninth Circuit.

Dec. 3, 1968.

Certiorari Denied April 1, 1969.

See 89 S.Ct. 1291.

---

David C. Marcus, Los Angeles, Cal., for appellant.

Wm. M. Byrne, Jr., U. S. Atty., Los Angeles, Cal.; Joseph Sureck, INS, San Pedro, Cal.; Stephen M. Suffin, INS, San Francisco, Cal.; Ramsey Clark, Atty. Gen. of the United States, Washington, D. C., for appellee.

Before BARNES and HAMLEY, Circuit Judges; and * McNICHOLS, District Judge.

BARNES, Circuit Judge:

Petitioner, a Mexican citizen who has lived in this country for 23 of his 25 years, is challenging a decision by the Board of Immigration Appeals declining to reopen petitioner's case on grounds that the finding that petitioner was deportable because of his conviction in a California court of a violation of state narcotics laws would not be influenced by the Order of Discharge entered by the Superior Court of the State of California in and for the County of Los Angeles which set aside the conviction and released petitioner from all penalties and disabilities resulting under state law from the conviction.

Relying upon solidly established precedent and well founded policy, we affirm the decision of the Board.

In 1962, petitioner, then nineteen years old, was convicted under sections 11500 and 11530 of California's Health and Safety Code of unlawful possession of heroin and marijuana. The then California District Court of Appeal affirmed this decision on November 9, 1965.

On September 4, 1964, the deputy district director of the Immigration Service issued an Order to Show Cause, alleging that because of his narcotics conviction, petitioner was deportable under sec-

tion 241(a) (11) of the Immigration and Nationality Act (8 U.S.C. § 1251(a) (11)). Following a hearing before a special inquiry officer of the Service, petitioner was found deportable. On August 16, 1966, the Board of Immigration Appeals affirmed this decision.

As a result of his state court conviction, petitioner was placed in the custody of the Youth Authority. On December 15, 1966, he was honorably discharged from the Youth Authority and on September 22, 1967, the Superior Court of California in and for the County of Los Angeles entered an Order of Discharge under section 1772 of the California Welfare and Institutions Code which released petitioner from all penalties and disabilities resulting from the conviction, set aside the verdict of guilty and dismissed the information against him.

Petitioner then filed a petition with the Board of Immigration Appeals asking that his case be reopened so that the Order of Discharge could be considered. On January 26, 1968, the Board of Immigration Appeals denied the motion to reopen, stating that the finding of deportability would not be influenced by the evidence offered. It is this ruling that is here appealed.

It is apparent from an examination of 8 U.S.C. § 1251(a) (11) that an alien who violates state narcotics laws is subject to federal sanctions. That section reads in part:

"Any alien in the United States * * shall, upon the order of the Attorney General, be deported who—

" * * *

"(11) * * * at any time has been *convicted* of a violation of * * * any law or regulation relating to the illicit possession of or traffic in narcotic drugs or marihuana * * *." (Emphasis added.)

Petitioner urges that because California has erased or expunged his conviction and eliminated all disabilities flow-

* Hon. Ray McNichols, United States District Judge, Boise, Idaho, sitting by designation.

ing from it, the federal penalty should not be imposed. The State of California does not even do this for itself. California Penal Code, section 1203.4; Garcia-Gonzales v. Immigration & Nat. Serv., 344 F.2d 804, 807, n. 3 (9th Cir.), cert. denied, 382 U.S. 840, 86 S.Ct. 88, 15 L.Ed.2d 81 (1965). We have rejected this argument in the past. Brownrigg v. United States Immigration & Nat. Serv., 356 F.2d 877 (9th Cir. 1966); Kelly v. Immigration & Nat. Serv., 349 F.2d 473 (9th Cir.), cert. denied, 382 U.S. 932, 86 S.Ct. 326, 15 L.Ed.2d 344 (1965); Ramirez-Villa v. Immigration & Nat. Serv., 347 F.2d 985 (9th Cir.), cert. denied, 382 U.S. 908, 86 S.Ct. 250, 15 L.Ed.2d 162 (1965); Garcia-Gonzales v. Immigration & Nat. Serv., supra; Wood v. Hoy, 266 F.2d 825 (9th Cir. 1959); Arrellano-Flores v. Hoy, 262 F.2d 667 (9th Cir. 1958). We do so again.

Deportation is a function of federal and not of state law. In the context of a narcotics conviction, deportation is a punishment independent from any that may or may not be imposed by the states. While it is true that the same event, the state conviction, triggers both sets of consequences, it would be anomalous for a federal action based on a state conviction to be controlled by how the state chooses to subsequently treat the event. It is the fact of state conviction, not the manner of state punishment for that conviction, that is crucial. As we stated in Reyes v. United States, 258 F.2d 774 (9th Cir.1958) and repeated with approval in *Garcia-Gonzales*, supra,

> "It would defeat the purpose * * * (of federal law) if provisions of local law, dealing with rehabilitation of convicted persons, could remove them from the ambit of (federal penal enactments). * * * We do not think Congress intended such a result."

We agree with the Attorney General's position as to what the intention of Congress was, as expressed in "Matter of A———— F————", I&N Dec. 429, 445–446, quoted in *Garcia-Gonzales*, supra, 344 F.2d at 809–810.

Affirmed.