Daniel **PADILLA–PARTIDA**, Petitioner,

v.

**IMMIGRATION AND NATURALIZATION SERVICE**, Respondent.

No. 71–2831.

United States Court of Appeals, Ninth Circuit.

June 16, 1972.

Rehearing Denied July 10, 1972.

---

620

George Haverstick (argued), San Diego, Cal., for petitioner.

Joseph Surreck (argued), San Pedro, Cal., Stephen Suffin, San Francisco, Cal., Henry E. Peterson, Asst. Atty. Gen., Crim. Div., Washington, D. C., Harry D. Steward, U. S. Atty., Robert H. Filsinger, Asst. U. S. Atty., San Diego, Cal., George K. Rosenberg, Dist. Dir., I.N.S., Los Angeles, Cal., for respondent.

Before BARNES and TRASK, Circuit Judges, and BYRNE, District Judge.*

PER CURIAM:

Appellant asks us to reverse the well-established law of this Circuit, which has considered the plain and clear provisions of Sec. 212(a) (23) of the Immigration and Nationality Act, 8 U.S.C. Sec. 1182(a) (23).

This Congressional enactment makes any alien excludable "who has been convicted of a violation of . . . any law or regulation relating to the illicit possession of or traffic in narcotic drugs or marijuana. . . ."

We decline to reverse our previous positions.

Garcia-Gonzales v. INS, 344 F.2d 804 (9th Cir. 1965) cert. den. 382 U.S. 840, 86 S.Ct. 88, 15 L.Ed.2d 81 (1965);

Kelly v. INS, 349 F.2d 473 (9th Cir. 1965);

Brownrigg v. INS, 356 F.2d 877 (9th Cir. 1966);

de la Cruz-Martinez v. INS, 404 F.2d 1198 (9th Cir. 1968).

In view of our position, we need not consider other matters raised on this appeal.

Other Circuits specifically agree with this Circuit. *E. g.*, Gonzalez de Lara v. United States, 439 F.2d 1316 (5th Cir., 1971).

Affirmed.