MATTER OF CRUZADO

In Deportation Proceedings

A-13339859

*Decided by Board December 18, 1973*

(1) Respondent's conviction of attempt to possess drugs in violation of section 14–27 of the Louisiana Statutes constitutes a basis for deportation under section 241(a)(11) of the Immigration and Nationality Act, as amended, notwithstanding the conviction was set aside pursuant to Article 893 of the Louisiana Code of Criminal Procedure, as amended. *Matter of O'Sullivan*, 10 I. & N. Dec. 320, is distinguished, in that the setting aside of the conviction in the instant case was pursuant to a statute providing an automatic award for good behavior, and the conviction may be used as the basis for prosecution in the event of a subsequent offense.

(2) While the admission into the record of statements by an individual judge and a law professor as to the construction of the Louisiana Statutes in question was improper, such statements were not prejudicial to the respondent since no consideration was given to the statements by either the immigration judge or the Board of Immigration Appeals in reaching their respective decisions.

CHARGE:

Order: Act of 1952—Section 241(a)(11) [8 U.S.C. 1251(a)(11)]—Convicted of violation of any law relating to illicit possession of marijuana.

ON BEHALF OF RESPONDENT: David A. Kattan, Esquire
419 Gravier Street
New Orleans, Louisiana 70130

This is an appeal from an order of deportation entered by the immigration judge on March 14, 1972. The appeal will be dismissed.

The record relates to a 35-year-old married male alien, a native and citizen of Colombia, who entered the United States for permanent residence on August 5, 1964. He was convicted of attempt to possess drugs in violation of section 14–27 of the Louisiana Statutes on September 9, 1968. On October 20, 1971, pursuant to the provisions of Article 893 of the Code of Criminal Procedure, as amended, of Louisiana, the court ordered that the respondent's conviction be set aside, that the prosecution be

dismissed and that the dismissal have the same effect as an acquittal. Article 893 provides that:

When the imposition of sentence has been suspended by the court, as authorized by this Article, and the court finds at the conclusion of the probationary period that the probation of the defendant has been satisfactory, the court may set the conviction aside and dismiss the prosecution and the dismissal of the prosecution shall have the same effect as an acquittal, except that said conviction may be considered as a first offense and provides the basis for subsequent prosecution of the party as a multiple offender.

The respondent contends that the setting aside of his conviction pursuant to Article 893 wipes out the basis for his deportability, citing as precedent *Matter of O'Sullivan*, 10 I. & N. Dec. 320 (BIA 1963) in which we held that the setting aside of a narcotics conviction removed the basis for deportability. The procedure employed in *Matter of O'Sullivan, supra*, however, was not pursuant to a directive of state statute for all like cases. The trial court granted a motion for a new trial after conviction and sentence, then dismissed the charges upon the motion of the assistant prosecuting attorney. The reasons for this action were not shown in the record. In the case before us, the action by the court setting aside the conviction was pursuant to a statute which provided an automatic award for good behavior. The fact that the conviction may be used to subject the party to subsequent prosecution as a multiple offender indicates that it does not in fact have the same effect as an acquittal. It is analogous rather to the Texas statute described in *Gonzalez de Lara v. United States*, 439 F.2d 1316 (C.A. 5, 1971).

The Texas statute provides for the setting aside of a verdict of conviction after discharge from probation, except that the conviction shall be recorded if the person is convicted again of an offense. The Court of Appeals for the Fifth Circuit held that while the Texas statute rewarded the convicted party for good behavior during probation, it did not completely erase the conviction. The court reasoned that the manner in which a state chooses to promote rehabilitation of convicted persons is not of controlling importance in a deportation proceeding, which is a function of federal law. This reasoning was consistent with the Attorney General's, in *Matter of A—F—*, 8 I. & N. Dec. 429 (A.G. 1959), wherein he held that deportability of aliens should not depend on the vagaries of state law.

It is hardly to be supposed that Congress intended, in providing for the deportation of aliens convicted of narcotic violations, to extend preferential treatment to those convicted in the few jurisdictions, which, like California, provide for the expungement of a record of conviction upon the termination of probation.

The Attorney General's view has been sustained in numerous

decisions, *Garcia-Gonzales* v. *INS*, 344 F.2d 804 (C.A. 9, 1965); *Kelly* v. *INS*, 349 F.2d 473 (C.A. 9, 1965), cert. denied 382 U.S. 932 (1965); *Brownrigg* v. *INS*, 356 F.2d 877 (C.A. 9, 1966); *Gonzalez de Lara* v. *United States, supra.*

The respondent also objects to the admission into the record of statements regarding construction of the Louisiana statute, which were attributed to a judge of the Criminal District Court, Orleans Parish, and to a professor of criminal law at a Louisiana law school. At the time of the original decision of the immigration judge, the order setting aside the respondent's conviction had not yet been issued; the order was issued while the case was pending on appeal before us. We remanded to give the immigration judge an opportunity to consider the case in view of the new development, inasmuch as the issues presented to us were not present below, primarily the respondent's contention that *Matter of O'Sullivan, supra,* was applicable to him. During the course of the reopened hearing, the trial attorney introduced into evidence an investigative report (Ex. R-2), wherein the investigator reported the results of his questioning of the judge and professor, mentioned above, as to their opinions of the proper construction of the Louisiana statute in question. In our view, it was inappropriate to admit these comments into evidence. Where construction of a state statute is in issue, the views of individual judges, attorneys, or law professors do not constitute the best evidence. See *Huff* v. *United States*, 273 F.2d 56 (C.A. 5, 1959) and 7 *Wigmore on Evidence*, § 1952 (3rd Ed. 1940). If there are no state court decisions construing the statute, the legislative history of the enactment may be consulted. See *Sutherland Statutory Construction*, § 45.05 (4th Ed. 1973).

The presence of the comments in the record, however, was not prejudicial to the respondent. The immigration judge made no reference to them in his decision, which is based entirely on the federal authorities above cited. We have given the comments no consideration in reaching our decision.

Accordingly, we hold that the respondent's Louisiana conviction of a narcotics offense forms a basis for deportation, despite the fact that the conviction has been set aside pursuant to the provisions of Article 893 of the Louisiana Code of Criminal Procedure.

ORDER: The appeal is dismissed.