MATTER OF ANDRADE

In Deportation Proceedings

A-11351779

*Decided by Board May 31, 1973*

Expungement under California law of a conviction as a youth offender is not tantamount to an expungement pursuant to the provisions of the Federal Youth Corrections Act (18 U.S.C. 5021(a)); hence, respondent is deportable under section 241(a)(11) of the Immigration and Nationality Act, as amended, on the basis of his conviction of the offense of possession of marijuana in violation of section 11530 of the Health and Safety Code of California, notwithstanding an expungement of the conviction under section 1772 of the California Welfare and Institutions Code.*

CHARGE:

Order: Act of 1952—Section 241(a)(11) [8 U.S.C. 1251(a)(11)]—Any time has been convicted of a violation of any law or regulation relating to the illicit possession of marijuana.

ON BEHALF OF RESPONDENT: Gary H. Manulkin, Esquire
3609 North Mission Road
Los Angeles, California 90031
(Briefs filed)

This is an appeal from a decision of an immigration judge denying the respondent's application for suspension of deportation pursuant to section 244(a)(2) of the Immigration and Nationality Act, finding him deportable as charged in the order to show cause, and denying him the privilege of voluntary departure. The appeal will be dismissed.

The respondent is a 22-year-old single male, native and citizen of Mexico. He entered the United States as an immigrant on November 19, 1957. On January 26, 1971 he was convicted in the Superior Court of the State of California, for the County of Los Angeles, of the offense of possession of marijuana in violation of section 11530 of the Health and Safety Code of the State of California. Respond-

---

* Superseded. See *Matter of Andrade*, Interim Decision No. 2276 (BIA, Apr. 5, 1974).

ent conceded his deportability on the charge contained in the order to show cause (Tr. pp. 3, 4).

Counsel in his brief on appeal contends (1) the immigration judge wrongfully and erroneously denied the respondent's application for suspension of deportation; (2) the immigration judge wrongfully and erroneously denied the respondent's application for voluntary departure; (3) the immigration judge improperly considered the respondent's conviction to be a bar to a finding of good moral character, notwithstanding the fact that the conviction had subsequently been expunged pursuant to the California Penal Code. Counsel also submitted evidence of the expungement of the record of the conviction here.

After careful consideration of the record, including contentions made by counsel on appeal, we are satisfied that the hearing was fair, that deportability has been established by evidence that is clear, convincing and unequivocal. Since the respondent would have been found excludable under section 212(a)(23) he may not be regarded as a person of good moral character under the provisions of section 101(f)(3). Accordingly, not having established good moral character the respondent is ineligible for the discretionary relief of suspension of deportation or voluntary departure.

With reference to respondent's claim that the conviction has been expunged, we note that the Attorney General has ruled that an expungement of a narcotic conviction under the law of the State of California has no effect upon a final finding of deportability under section 241(a)(11) of the Immigration and Nationality Act, *Matter of A—F—,* 8 I. & N. Dec. 429 (BIA, 1959). See also *Matter of G—,* 9 I. & N. Dec. 159 (BIA, 1961). The courts have sustained the Attorney General's ruling. See *Garcia-Gonzales* v. *INS,* 344 F.2d 804 (C.A. 9, 1965), cert. denied 382 U.S. 840; *Kelly* v. *INS,* 349 F.2d 473 (C.A. 9, 1965), cert. denied 389 U.S. 932; *Brownrigg* v. *INS,* 356 F.2d 877 (C.A. 9, 1966); *Cruz-Martinez* v. *INS,* 404 F.2d 1198 (C.A. 9, 1968), cert. denied 394 U.S. 955; *Gonzalez de Lara* v. *United States,* 439 F.2d 1316 (C.A. 5, 1971). Moreover, the mere fact that the alien here was a minor at the time the crime was committed does not of itself exempt him from the operation of the deportation statute, *U.S. ex rel. Circella* v. *Sahli,* 216 F.2d 33 (C.A. 7, 1954), cert. denied 348 U.S. 964; *Matter of R—,* 1 I. & N. Dec. 613 (1943). Cf. *Adams* v. *United States,* 299 F.2d 327 (C.A. 9, 1962); *Hernandez-Valensuela* v. *Rosenberg,* 304 F.2d 639 (C.A. 9, 1962).

Counsel in his supplemental brief on appeal urges that a comparison of the California expungement statute (section 1772 of the California Welfare and Institutions Code) with the expungement of a narcotic conviction pursuant to the Federal Youth Corrections Act (18 U.S.C. 5021(a)) indicates that the effect and

purpose are precisely the same, citing *Morera* v. *INS*, 462 F.2d 1030 (C.A. 1, 1971). We do not agree with this contention. What counsel is urging is that if the State of California expunges the conviction, disabilities flowing from it are eliminated and the federal penalty of deportation should not then be imposed.

Deportation is a function of federal and not of state law. It would be anomalous for a federal action, based upon a state conviction, to be controlled by how a state may choose subsequently to treat the event. It is the fact of state conviction, not the manner of state punishment for that conviction, that is crucial, *Garcia-Gonzales* v. *INS, supra.* Moreover, it is clear from the legislative history of the Federal Youth Corrections Act that Congress intended that a "youth offender" would not have a continuing criminal record if his conviction was set aside pursuant to 18 U.S.C. 5021. But Congress made it equally clear that this was a federal law binding only in the federal courts and excluding any state action. Here, unlike *Morera, supra,* expungement of the narcotic conviction was pursuant to state law under a procedure not on the merits. On the other hand, section 5021 of the Federal Youth Corrections Act clearly contemplates more than a "technical erasure."

In our review of this record we find that the respondent was accorded a fair hearing; that the decision of the immigration judge was based upon the evidence adduced at the hearing; that the evidence upon which the decision was based was clear, convincing and unequivocal; and that the immigration judge properly applied the pertinent legal principles. We are aware of the sympathetic factors present in this case. Respondent's suspension application reflects that he has numerous close relatives in the United States, including four brothers, who are United States citizens, and his father, mother and a sister, who are lawful permanent residents. Nevertheless, we have no alternative but to affirm the decision of the immigration judge and dismiss the appeal. Accordingly, the following order will be entered.

**ORDER:** The appeal is dismissed.