Leonel OCON–PEREZ, Petitioner,

v.

**IMMIGRATION & NATURALIZATION SERVICE, Respondent.**

No. 76–1866.

United States Court of Appeals, Ninth Circuit.

Feb. 8, 1977.

George Henery, San Francisco Neighborhood Legal Assistance Foundation, San Francisco, Cal., for petitioner.

James L. Browning, U. S. Atty., San Francisco, Cal., for respondent.

## OPINION

Before CHAMBERS and CHOY, Circuit Judges, and BELLONI,* District Judge.

PER CURIAM:

At the hearing before the Immigration Judge of the order to show cause why petitioner should not be deported for his having been convicted of two burglaries in state courts, he admitted the convictions. The Immigration Judge held petitioner to be deportable, and his appeal to the Board of Immigration Appeals was dismissed. We affirm.

Petitioner's contention before the Immigration and Naturalization Service (INS) that the state court convictions were legally infirm was addressed to the wrong forum. As an administrative agency, the INS has no power to adjudicate the validity of state convictions underlying deportation proceedings. *Aguilera-Enriquez v. INS,* 516 F.2d 565, 570 (6th Cir. 1975), *cert. denied,* 423 U.S. 1050, 96 S.Ct. 776, 46 L.Ed.2d 638 (1976). Since the convictions were final—there were no appeals taken from them—there was an adequate basis for the order of deportation. *Id.; Marino v. INS,* 537 F.2d 686, 691–92 (2d Cir. 1976).

The argument that, because the INS began the deportation proceedings two months after petitioner's last conviction, he was not afforded adequate time to seek expungement of his state convictions and thereby was denied equal protection, is unsupported except for the bare conclusions that the proceedings were "selective" and "accelerated." Moreover, expungement proceedings, even if successful, would not aid petitioner since the underlying convictions would retain their vitality for deportation purposes. *Garcia-Gonzales v. INS,* 344 F.2d 804 (9th Cir. 1965); *Brownrigg v. INS,* 356 F.2d 877 (9th Cir. 1966); *de la Cruz-Martinez v. INS,* 404 F.2d 1198 (9th Cir. 1968).

Finally, petitioner's Eighth Amendment contention is foreclosed by decisions of this court, the latest of which is *Le Tourneur v. INS,* 538 F.2d 1368 (9th Cir. 1976), holding that "deportation is not cruel and unusual punishment under the Eighth Amendment even though the penalty may be severe." 538 F.2d at 1370.

AFFIRMED.

---

* The Honorable Robert C. Belloni, United States District Judge for the District of Oregon, sitting by designation.