UNITED STATES of America, Plaintiff,

v.

Daniel ARROYO–GARCIA, Defendant.

No. CR–N–90–36–ECR.

United States District Court,
D. Nevada.

Sept. 28, 1990.

Robert A. Bork, Asst. U.S. Atty., Reno, Nev., for plaintiff.

Waldo DeCastroverde, James A. Boles, Reno, Nev., for defendant.

ORDER

EDWARD C. REED, Jr., Chief Judge.

Defendant has moved to dismiss (document # 17) the indictment charging him with violating 8 U.S.C. § 1326 (reentry of deported alien). Defendant argues that he was denied effective assistance of counsel, and there was no factual basis for his guilty plea, in an earlier criminal prosecution (Case No. CR–N–87–34–HDM) that he asserts was "the primary basis" for his deportation. Defendant also argues that

he was denied due process of law and effective assistance of counsel in his deportation hearing.

## I. THE EARLIER CRIMINAL PROSECUTION

■ Defendant has presented no evidence that his earlier criminal conviction was "the primary basis" for his deportation. Indeed, all evidence points to the contrary. Both the Order to Show Cause filed on July 25, 1986, and the superseding Order to Show Cause filed on November 3, 1986, clearly show that defendant was subject to deportation because he entered the United States without inspection. Thus, defendant's earlier conviction is not relevant to the instant prosecution. Therefore, there is no reason to let him collaterally attack it here.

## II. THE DEPORTATION HEARING

Defendant has alleged two defects in his deportation hearing. He claims he was denied the effective assistance of counsel, and he claims the judge should have told him of the possibility of registry.

### A. Collateral Attacks on Deportation Hearings

The Supreme Court held in *United States v. Mendoza–Lopez*, 481 U.S. 828, 107 S.Ct. 2148, 95 L.Ed.2d 772 (1987), that in a prosecution for reentry after deportation, a collateral attack on the underlying deportation hearing must be entertained in certain circumstances. It is fairly clear that the Supreme Court's opinion concerned only those collateral attacks to hearings that contain a defect that effectively forecloses judicial review. *Id.* at 838–39, 107 S.Ct. at 2155. The Court's intention was apparently to require courts to hear collateral attacks on fundamentally unfair proceedings where other judicial review was unavailable. The defendant need not establish actual prejudice. *United States v. Villa–Fabela*, 882 F.2d 434, 438 (9th Cir. 1989)

This holding has been mistakenly restated as requiring courts to entertain collateral attacks where "defects in the depor-

tation hearing effectively eliminated the right ... to judicial review *or* rendered the proceeding fundamentally unfair." *See, e.g., Villa–Fabela*, 882 F.2d at 439 (emphasis added). For example, the Ninth Circuit restated the *Mendoza–Lopez* holding as such in *United States v. Villa–Fabela. Id.* Nevertheless, the Ninth Circuit did not believe its mistaken statement, for it noted that the holding in *Mendoza–Lopez* "did not affect Ninth Circuit precedent regarding collateral attacks on deportation proceedings whose defects *did not* preclude effective judicial review." *Id.* (emphasis added). The Ninth Circuit held that collateral attacks were still available for other defects that rendered the proceeding fundamentally unfair, but only if the defendant could demonstrate prejudice. *Id.*

■ Therefore, under the current law as interpreted by the Ninth Circuit, a defendant can collaterally attack the deportation hearing if it contained a defect rendering the proceeding fundamentally unfair that either effectively precluded judicial review or was prejudicial.

### B. Effective Assistance of Counsel

■ The only defect that defendant alleges in his counsel's representation at the deportation hearing is that the counsel did not consider or apply for "registry" under 8 U.S.C. § 1259. Clearly this failure, if it occurred, did not effectively preclude judicial review of the deportation hearing. Therefore, for this argument to succeed, the failure must have been a defect rendering the proceeding fundamentally unfair, and have prejudiced the plaintiff.

Defendant's right to effective assistance of counsel in the deportation hearing derives not from the sixth amendment, but instead from the fifth amendment guarantee of due process. *Magallanes–Damian v. I.N.S.*, 783 F.2d 931, 933 (9th Cir.1986). "Under this fifth amendment right to counsel, [defendant] must shoulder a heavier burden of proof. [Defendant] must show not merely ineffective assistance of counsel, but assistance which is so ineffective as to have impinged upon the fundamental

fairness of the hearing in violation of the fifth amendment due process clause." *Id.*

Here defendant alleges his attorney at the deportation hearing failed to consider or recommend registry. At the time of the deportation hearing, defendant had already been convicted of possessing a weapon as an illegal alien. Thus, defendant was not apparently eligible for registry, as he lacked the requisite "good moral character." 8 U.S.C. §§ 1259(c), 1101(f). Defendant does not claim that his attorney knew of any defects in the prior conviction. Presumably defendant is claiming that his attorney should have investigated the prior conviction, discovered that despite defendant's guilty plea therein, defendant was not an illegal alien at the time. Then the attorney should have asked for a stay of the deportation hearings while he first attempted to attack defendant's conviction, then applied for registry. To complicate matters further, the attorney's most likely source for information about defendant's earlier conviction was defendant himself, who apparently still thought, whether accurately or not, that he had been an illegal alien at the time of his conviction. Thus, defendant could not have told his attorney anything that would suggest further investigation of the conviction would be appropriate.

There was no indication to defendant's attorney that registry was a viable option. Furthermore, reasonable investigation, even if we assume it was not conducted, still might not have suggested registry. Under the circumstances, defendant was not denied the effective assistance of counsel at his deportation hearing. *A fortiori,* defendant has not demonstrated assistance so ineffective so as to impinge on the fundamental fairness of the proceeding.

**C. Judge's Failure to Inform of Registry**

Defendant also alleges that the judge's failure to inform him of the possibility of registry denied him his due process rights. As with the argued shortcomings of his attorney, this alleged failure of the judge clearly did not effectively preclude judicial review. This failure to inform, if it occurred, did not affect defendant's ability to appeal, unlike *Mendoza–Lopez,* where the judge permitted waivers of the right to appeal that were not knowing or intelligent. *Mendoza–Lopez,* 481 U.S. at 832, 107 S.Ct. at 2151–52. Therefore, defendant must demonstrate this alleged defect rendered the proceeding fundamentally unfair, and prejudiced defendant.

We need not decide whether the Immigration Judge would normally have had a duty to inform defendant of the possibility of registry. For the same reasons as with defendant's counsel, registry could not have seemed possible to the judge. Furthermore, unlike defendant's attorney, the judge would not have had a duty to investigate and advise defendant as to the complicated course he would have to follow to pursue registry. The judge's conduct was entirely appropriate. Failing to suggest registry when it appears impossible in no way rendered the proceeding fundamentally unfair. Furthermore, defendant does not appear prejudiced by the judge's failure to inform, because if defendant had been told of registry, he too would have thought it was unavailable.

## III. CONCLUSION

Defendant has not shown a defect in his deportation hearing that either effectively foreclosed judicial review, or that rendered the proceeding fundamentally unfair. Thus, the deportation that was the result of the hearing may serve as a basis for a conviction for reentry by a deported alien.

IT IS, THEREFORE, HEREBY ORDERED that defendant's Motion to Dismiss is DENIED.