**UNITED STATES of America, Plaintiff,**

v.

**Daniel ARROYO–GARCIA, Defendant.**

**No. CR–N–90–36–ECR.**

United States District Court, D. Nevada.

Nov. 19, 1990.

Robert A. Bork, Asst. U.S. Atty., Reno, Nev., for plaintiff.

Waldo DeCastroverde, James A. Boles, Reno, Nev., for defendant.

## ORDER

EDWARD C. REED, Jr., Chief Judge.

Defendant has moved this Court (document # 26) to reconsider our Order (document # 21) denying defendant's motion to dismiss. 746 F.Supp. 1039. In our Minute Order dated October 23, 1990, (document # 30), we denied defendant's motion for reconsideration as to the issue of whether defendant may collaterally attack his prior conviction. We did not rule on the motion for reconsideration as to the issues of ineffective assistance of counsel and denial of due process at defendant's deportation hearing. Instead, we allowed the prosecution to respond to defendant's claim that registry should have appeared to be a viable option to both defendant's counsel and to the immigration judge.

The government responded (document # 36). Then defendant filed a reply (document # 40) despite this Court's Order that there be no reply. This Court normally does not permit replies in criminal cases. A party may, of course, make a motion requesting permission to file a reply, which will be granted if a reply appears needed. Defendant made no such motion. This Court considered striking defendant's reply. However, that does not appear to be necessary. Defendant's reply does appear appropriate to reply to the government's arguments in its response.

## I. ATTACK ON PRIOR CONVICTION

In our prior Minute Order, we denied defendant's motion for reconsideration of the issue of whether defendant may, in this prosecution, collaterally attack his prior conviction. As we stated there, although we read precedent as permitting collateral attacks on the deportation hearing in certain circumstances, we do not read the precedent as permitting an attack on an earlier criminal conviction, which is even further removed from this case. Indeed, the only relevance of the earlier conviction is that it may have removed a possible defense by defendant to deportation. This is not a flaw in the deportation hearing, and is not attackable here.

Although the authority on whether a defendant may attack an earlier criminal conviction in a prosecution under 8 U.S.C. § 1326 is scant, the few cases on point, although old, do suggest that defendant cannot. In one such prosecution, a defendant was not permitted to attack a guilty plea in an earlier conviction. *United States v. Pereira*, 574 F.2d 103 (2d Cir. 1978), *cert. denied*, 439 U.S. 847, 99 S.Ct. 145, 58 L.Ed.2d 148 (1978). Similarly, one court held that an attack on a conviction, which was then pending adjudication on a writ of coram nobis, was "not material to the issue of defendant's guilt or innocence" of the Section 1326 charge, because the facts demonstrated that the defendant was

knowingly, wilfully, and unlawfully found in the United States after having been deported. *United States v. Bruno*, 328 F.Supp. 815 (W.D.Mo.1971).

Because the possible invalidity of the earlier conviction is not a defense in this prosecution, this Court refused defendant's Motion for Continuance of Trial (document # 37). Defendant sought a continuance in order to attack the earlier conviction in another action. Defendant incorrectly characterizes that attack as "a strong and viable defense that if successful, will exonerate Defendant of the present charges." As discussed above, the invalidity of the earlier conviction is not a defense to this prosecution. Thus, a continuance pending resolution of that attack is inappropriate. *See United States v. Mohammed*, 372 F.Supp. 1048 (S.D.N.Y.1973) (denied request to stay § 1326 prosecution while defendant sought administrative relief from prior deportation order).

## II. REGISTRY NOT A VIABLE OPTION

This Court remains convinced that at the time of defendant's deportation hearing, registry would not have appeared to be a viable option. This Court believes that given defendant's recent conviction, registry would not have appeared possible because defendant lacked the requisite good moral character. This Court recognizes that, unlike other defenses to deportation, registry does not specify a time period over which good moral character is to be determined. 8 U.S.C. § 1259. Nevertheless, to suggest that it would have appeared possible that a judge might find defendant to be of good moral character so soon after a conviction and imprisonment that by statute negates good moral character is highly questionable.

More importantly, registry would require continuous residence in the United States since defendant's entry. 8 U.S.C. § 1259(b). However, defendant admits he voluntarily departed in 1977, and records demonstrate that he was married in Mexico in 1977. Defendant argues that under Immigration Reform and Control Act of 1986 § 315(b), 100 Stat. 3439, codified as amended at 8 U.S.C. § 1254(b)(2), "brief, casual, and innocent" absences do not interrupt continuous physical presence. This is true, although it is important to note that this section only applies directly to the physical presence requirement for suspension of deportation. 8 U.S.C. § 1254. In any event, voluntary departure is not a "brief, casual, and innocent absence from the United States." *Hernandez–Luis v. I.N.S.*, 869 F.2d 496 (9th Cir.1989). Thus, defendant did not maintain continuous residence in the United States.

Furthermore, defendant has stated under oath that he entered this country *in 1972* (transcript of proceedings of August 25, 1987, p. 12). This is consistent with his statement to immigration authorities that he entered on September 15, 1972. (Record of Deportable Alien dated August 9, 1977). Registry would require entry prior to January 1, 1972. 8 U.S.C. § 1259(a).

With all of these barriers, registry would not have appeared to be a viable option to either defendant's lawyer or to the immigration judge. Thus, their failure to suggest registry did not deprive defendant of any right owed him.

Furthermore, as the government correctly points out, since registry not only did not appear available, but, because of defendant's late entry and voluntary departure, was not in fact available, defendant could not have been prejudiced by either his lawyer's or the judge's failure to advise him of the possibility of registry. Even if they had told him, the outcome could not have been different. Thus, as defendant was not prejudiced at his deportation hearing, defendant cannot attack that hearing in a § 1326 prosecution. *See United States v. Villa–Fabela*, 882 F.2d 434 (9th Cir.1989).

IT IS, THEREFORE, HEREBY ORDERED that defendant's Motion for Reconsideration (document # 26) is DENIED.