967 F.2d 588
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jose De Jesus LOMELI-NUNO, Petitioner,
v.
U.S. IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 91-70313.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 4, 1992.*
Decided June 9, 1992.
 
 Before D.W. NELSON, BOOCHEVER and DAVID R. THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Lomeli-Nuno seeks review of an order of the Board of Immigration Appeals (BIA) affirming an immigration judge's decision finding him deportable and denying his application for a waiver of inadmissibility pursuant to § 212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1182(c) (1988). We affirm for the reasons set forth in Castillo-Felix v. I.N.S., 601 F.2d 459, 462-67 (9th Cir.1979). See also Avila-Murrieta v. I.N.S., 762 F.2d 733, 734 (9th Cir.1985) (following Castillo-Felix by interpreting § 212(c) to require seven years of lawful unrelinquished domicile from the date the alien is admitted for permanent residence).
 
 
 3
 Lomeli-Nuno also challenges the BIA's and this court's interpretation of § 212(c) on due process and equal protection grounds. We have carefully considered these claims and find them to be without merit. The longstanding construction of § 212(c) in a manner adverse to the petitioner in this case does not amount to a deprivation of federal constitutional rights.
 
 
 4
 Finally, we find the Immigration Judge did not abuse his discretion by denying Lomeli-Nuno's request for a continuance in order to allow him to file a writ of coram nobis. See 8 C.F.R. § 242.13 (1992) (Immigration Judge may continue the hearing at his or her own instance or for good cause shown). Lomeli-Nuno did not demonstrate good cause to warrant such a continuance, given that a continuance would not have changed his ineligibility for a § 212(c) waiver. Cf. Ocon-Perez v. I.N.S., 550 F.2d 1153, 1154 (9th Cir.1977) (per curiam) (expungement of state convictions, even if successful, would not have helped petitioner because the underlying convictions would have retained their vitality for deportation purposes).
 
 
 5
 Accordingly, the petition for review is DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission without oral argument pursuant to Fed.R.App.P. 34(a), and Ninth Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3