972 F.2d 1338
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Zeferino COLUNGA-REYES, Petitioner,
v.
U.S. IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 91-70201.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 7, 1992.
Decided July 23, 1992.
 
 Before ALARCON, RYMER and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Zeferino Colunga-Reyes ("Colunga") petitions for a review of a decision of the Board of Immigration Appeals ("BIA") finding him deportable under 8 U.S.C. §§ 1251(a)(1) and (a)(11). His petition was timely and we have jurisdiction. 8 U.S.C. § 105(a)(8).
 
 FACTS AND PROCEEDINGS BELOW
 
 3
 Colunga is a 29-year-old native and citizen of Mexico. He apparently entered the United States in the early 1980s. The state of Idaho charged him with three felonies relating to the possession and delivery of marijuana in 1986. He entered a plea of guilty to one count of delivery and one count of possession with intent to deliver. The court withheld judgment, put Colunga on three years probation, and imposed a $500 fine. Colunga satisfactorily completed the probation and the charges were dismissed in 1988.
 
 
 4
 Colunga left the United States and re-entered in 1987 as a lawful permanent resident. The Immigration and Naturalization Service began deportation proceedings in April, 1989, with an order to show cause, stating Colunga was deportable as an alien excludable at the time of entry by virtue of the drug conviction (Section 241(a)(1) of the Act) and as an alien who had been convicted of a violation of a law relating to a controlled substance (Section 241(a)(11)). At the hearing, Colunga contended the Idaho charges did not constitute "convictions" because the charges had been dismissed by the state court. The immigration judge found him deportable under both provisions of the Act. The BIA affirmed the decision of the immigration judge and dismissed Colunga's appeal.
 
 DISCUSSION
 
 5
 The BIA, in dismissing Colunga's appeal, relied on its decision in Matter of Ozkok, Interim Decision 3044 (1988). In that decision, the BIA determined that there was a state conviction for immigration purposes when all of the following elements are present:
 
 
 6
 (1) a judge or jury has found the alien guilty or he has entered a plea of guilty or nolo contendere or has admitted sufficient facts to warrant a finding of guilty;
 
 
 7
 (2) the judge has ordered some form of punishment, penalty, or restraint on the person's liberty to be imposed (including but not limited to incarceration, probation, a fine or restitution, or community-based sanctions such as rehabilitation program, a work-release or study-release program, revocation or suspension of a driver's license, deprivation of nonessential activities or privileges, or community service); and
 
 
 8
 (3) a judgment or adjudication of guilt may be entered if the person violates the terms of his probation or fails to comply with the requirements of the court's order, without availability of further proceedings regarding the person's guilt or innocence of the original charge.
 
 
 9
 Id. at 13.
 
 
 10
 Colunga petitioned this court to review the BIA order, raising as issues on appeal only contentions relating to the validity of the plea agreement and sentence in the state court proceedings. The American Immigration Lawyers Association ("AILA") filed a professional, helpful brief, as amicus curiae, questioning the validity of the Ozkok decision. The government responded with an equally helpful and professional brief, pointing out that the issues raised in the AILA brief were not raised by Colunga, and also addressing the merits of the contentions of amicus.
 
 
 11
 After reviewing the matter, we have determined that the validity of the Ozkok decision was not raised by Colunga and we decline to address it. See Knetsch v. United States, 364 U.S. 361, 370 (1960); Preservation Coalition, Inc. v. Pierce, 667 F.2d 851, 861 (9th Cir.1982).
 
 
 12
 The Immigration and Naturalization Service has no authority to adjudicate the validity of state court convictions which are the bases for immigration proceedings. Ocon-Perez v. INS, 550 F.2d 1153, 1154 (9th Cir.1977). The Immigration and Naturalization Service is simply not equipped to evaluate such claims. See Zinnante v. INS, 651 F.2d 420, 421 (5th Cir.1981).
 
 
 13
 As a reviewing court, we have no authority to consider issues not raised below. Vargas v. INS, 831 F.2d 906, 907 (9th Cir.1987). It follows, then, that we may not adjudicate the validity of Colunga's Idaho conviction on review of a BIA decision.
 
 
 14
 The stay of deportation previously entered shall be deemed lifted upon issuance of the mandate.
 
 
 15
 Petition DENIED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3