5 F.3d 536
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Jose ESTRADA-LINARES, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 91-70711.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 16, 1993.*
Decided Sept. 15, 1993.
 
 1
 Petition to Review a Decision of the Immigration and Naturalization Service, I & NS No. Ahs-goa-rjg.
 
 INS
 
 2
 PETITION DENIED.
 
 
 3
 Before: WOOD**, REINHARDT, and RYMER, Circuit Judges
 
 
 4
 MEMORANDUM***
 
 
 5
 Jose Estrada-Linares challenges an order of deportation based upon the predecessor to section 241(a)(2)(B)(i) of the Immigration and Nationality Act, 8 U.S.C. Sec. 1251(a)(2)(B)(i).[1] Estrada entered the United States as a permanent resident in 1959. In October 1985, he was convicted in Ventura County Municipal Court of having been under the influence of opiates in violation of California Health & Safety Code Sec. 11550(a). Estrada had prior under-the-influence convictions.
 
 
 6
 Under section 241(a)(2)(B)(i) and its predecessor, any alien "convicted of a violation of ... any law or regulation of a State ... relating to a controlled substance ... is deportable." In his petition, Estrada contends that under-the-influence convictions do not fall within this deportation provision. As we explain in our opinion in Flores-Arellano v. INS, No. 92-70129, filed contemporaneously with this memorandum, the statute plainly reaches under-the-influence convictions. Conviction of violating Cal.Health & Safety Code Sec. 11550(a) rendered Estrada deportable.
 
 
 7
 Estrada also contends that his rights to due process were violated when the Immigration Judge held his deportation hearing on February 12, 1988 rather than February 18, 1988. Estrada did not present, to the Immigration Judge or to the Board, any evidence to support his contention that the hearing was scheduled for February 18; the records of both the Immigration Judge and the INS showed that the hearing was set for February 12. Moreover, at the hearing, Estrada indicated that if the hearing were held on February 18, he would introduce testimony by his mother showing that his convictions were constitutionally infirm. Any such showing could not upset the judge's finding of deportability because a collateral attack upon a state conviction is not permitted in a deportation hearing. See Ocon-Perez v. INS, 550 F.2d 1153, 1154 (9th Cir.1977) (per curiam) ("INS has no power to adjudicate the validity of state convictions underlying deportation proceedings").
 
 
 8
 Finally, we note that Estrada does not challenge the denial of his 212(c) waiver application, nor does he contend that denial would have constituted an abuse of discretion had Estrada's mother testified. In any event, the Immigration Judge and the Board were aware of the nature of the evidence Estrada would have offered at a continued hearing; we conclude that such evidence would not have affected the discretionary denial of his application for waiver.
 
 
 9
 Because we reject the contentions raised by Estrada, his petition for review is
 
 
 10
 DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Honorable Harlington Wood, Jr., Senior United States Circuit Judge for the Seventh Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the Courts of this Circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Estrada was found deportable under former section 241(a)(11) of the INA. The Immigration Act of 1990 recodified section 241(a)(11), with substantive revisions irrelevant to this case, as section 241(a)(2)(B)