15 F.3d 1088
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Teodolfo Domasig RABUY, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 92-70618.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 10, 1994.*
Decided Jan. 31, 1994.
 
 1
 Before: ALDISERT,*** WIGGINS, and BRUNETTI, Circuit Judges
 
 
 2
 MEMORANDUM***
 
 FACTS
 
 3
 Petitioner, a lawful permanent resident, was charged in California state court with possession of methamphetamine. On his public defender's advice, petitioner pleaded guilty. Neither the public defender nor the state trial court advised petitioner that a conviction might subject him to deportation. Petitioner claims to have only limited comprehension of English and that he would not have pleaded guilty had he known this consequence.
 
 
 4
 After serving his sentence, petitioner was served with an order to show cause why he should not be deported for being convicted of violating a law relating to a controlled substance, under section 241(a)(2)(B)(i) of the Immigration and Nationality Act, 8 U.S.C. Sec. 1251(a)(2)(B)(i). At his hearing, petitioner and the immigration judge (IJ) conversed as follows:
 
 
 5
 IJ: Okay. Mr. Rabuy, the purpose of this hearing is to determine if you should be deported from the United States. You have the right to be represented by a lawyer and I would give you some time to try and find someone to represent you. We are also giving you a list of legal aid services that are available in the Los Angeles area. You also have the right to speak for yourself without a lawyer. What will you do today?
 
 
 6
 Mr. Rabuy: Just speak myself right now.
 
 
 7
 IJ: Sir, I'll read you the statements....
 
 
 8
 AR 56-57.
 
 
 9
 The IJ found petitioner deportable. Petitioner later told the IJ he wished to preserve his right to appeal and asked the IJ to lower his bond so he could more easily talk to a lawyer. The IJ refused to lower the bond. Petitioner later contacted an attorney who said petitioner might claim ineffective assistance of counsel in the criminal proceeding because his public defender failed to advise him regarding deportability. Petitioner claims he will ask the state court collaterally to vacate his conviction on this ground.
 
 
 10
 In an affidavit to the BIA, petitioner claimed he was confused, scared and felt isolated during the hearing. He thought the IJ said he would give petitioner time to find an attorney after asking him a few questions. Petitioner said, "In no way, shape and [sic] form did I intent [sic] to waive my right to counsel." AR 29-30. The BIA affirmed the IJ's decision. From the hearing record, the BIA found that petitioner had waived his right to counsel. The BIA also said petitioner cannot challenge his guilty plea in immigration proceedings and that his failure to understand the consequences of his plea is irrelevant. Id.
 
 ANALYSIS
 
 11
 We review for abuse of discretion whether petitioner was afforded his statutory right to counsel or waived that right. Castro-O'Ryan v. Dep't of Imm. & Nat., 847 F.2d 1307, 1312 (9th Cir.1988). We review de novo whether petitioner was afforded or waived his 5th Amendment due process right to counsel. Reyes-Palacios v. INS, 836 F.2d 1154, 1155 (9th Cir.1988).
 
 
 12
 We recently outlined petitioner's right to counsel:
 
 
 13
 Aliens have the privilege of ... counsel, at their own expense, at deportation hearings. 8 U.S.C. Sec. 1252(b)(2).... In addition to this statutory privilege, due process entitles aliens to obtain counsel at their own expense. Aliens have no right to appointed counsel.
 
 
 14
 INS regulations require immigration judges to: (1) notify an alien at his deportation hearing of his right to representation at no expense to the government; (2) advise him of the availability of free legal services in the district where the deportation hearing is held; and (3) ascertain whether the alien desires representation and has received a list of legal services programs. 8 C.F.R. Sec. 242.16(a). ....
 
 
 15
 Acewicz v. INS, 984 F.2d 1056, 1062 (9th Cir.1993) (some citations omitted; quotation attributions omitted).
 
 
 16
 Petitioner argues that in this case the IJ failed properly to inquire whether petitioner wished to proceed without counsel. Petitioner asserts he thought he was waiving nothing and that the IJ was not going to order him deported but just ask him a few questions before allowing him to obtain counsel. Petitioner argues that Castro-O'Ryan, a case in which we held no knowing and intelligent waiver had occurred, should control.[1]
 
 
 17
 Petitioner also argues that no prejudice need be shown when the statutory right to counsel is at issue. Petitioner cites cases from other circuits, noting that in Rios-Berrios v. INS, 776 F.2d 859, 863 (9th Cir.1985), we stated that the Ninth Circuit had not yet ruled on the issue. Notwithstanding, Petitioner claims he was prejudiced in this case. He argues that a lawyer could have helped him communicate more effectively and objected to admission of the allegedly invalid conviction into evidence. Petitioner also claims counsel could have sought voluntary departure or assisted him in choosing a country to which to be deported.[2]
 
 
 18
 Petitioner also claims his counsel could have stayed the proceeding and filed a motion in state court to vacate or set aside his criminal conviction. He claims his guilty plea was invalid because the state court and his attorney should have informed him that he could be deported as a result. Under Cal.Pen. Code Sec. 1016.5, the state court had a duty to inform petitioner prior to taking a guilty plea that petitioner could be deported if convicted. See also People v. Guzman, 172 Cal.Rptr. 34 (Ct.App.1981); People v. Tabucchi, 134 Cal.Rptr. 245 (Ct.App.1976). Petitioner argues that under People v. Soriano, 240 Cal.Rptr. 328 (Ct.App.1987), he received ineffective assistance of counsel and so will be allowed to withdraw his guilty plea.
 
 
 19
 In rebuttal, the INS first argues[3] that the IJ complied with the regulations and petitioner waived his right to counsel. The INS claims Castro-O'Ryan is distinguishable. The INS asserts petitioner did not display difficulty with English at the hearing. Based on the totality of the record in this case, the INS claims that petitioner's waiver was knowing and intelligent.
 
 
 20
 The INS also argues that petitioner must show prejudice. In United States v. Cerda-Pena, 799 F.2d 1374 (9th Cir.1986), Rios-Berrios was limited to its facts, which involved a "clear denial of representation." 799 F.2d at 1377 n. 3. In contrast, in Cerda-Pena the alien was informed of his right to counsel and asked if he wished to proceed without representation. He indicated that he wished to proceed. The alien did not contend that he did not voluntarily proceed without representation but that "he was inadequately apprised of his right to representation and of how that right may be exercised." Id. We held that prejudice was required, though we left the issue open in "outright refusal" cases such as Rios-Berrios. Id. The INS claims petitioner's case is more like Cerda-Pena than Rios-Berrios.
 
 
 21
 The INS asserts that no prejudice has been shown. No facts could have been better marshalled in petitioner's favor, and petitioner admitted facts warranting deportation and foreclosing other avenues of relief. As to petitioner's claims that his guilty pleas could have been set aside, INS cites Ocon-Perez v. INS, 550 F.2d 1153 (9th Cir.1977). In that case, the petitioner claimed his allegedly invalid state convictions should not render him deportable. 550 F.2d at 1154. Rejecting that contention, we stated, "As an administrative agency, the INS has no power to adjudicate the validity of state convictions underlying deportation proceedings. Since the convictions were final--there were no appeals taken from them--there was an adequate basis for the order of deportation." Id. (citations omitted); De La Cruz v. INS, 951 F.2d 226, 228-29 (9th Cir.1991); Avila-Murrieta v. INS, 762 F.2d 733, 736-37 (9th Cir.1985) ("The INS may not examine the validity of a conviction for deportation purposes.").
 
 
 22
 The Avila-Murrieta court held that a petitioner was not prejudiced by the complete exclusion of all arguments that the petitioner was innocent and should not have been convicted. 762 F.2d at 736. INS asserts that if the Avila-Murrieta petitioner was not prejudiced, neither can petitioner have be prejudiced. To be the basis for deportation, a conviction need only be final, meaning subject only to collateral attack. Morales-Alvarado v. INS, 655 F.2d 172, 174-75 (9th Cir.1981). Petitioner's conviction was final in the required sense. That it could or might be collaterally attacked is irrelevant.
 
 
 23
 We affirm the BIA's decision. A comparison of the applicable statute and regulation with the IJ's statements and the question put to petitioner indicates that the IJ's colloquy with petitioner complied with the regulations.
 
 
 24
 Whether petitioner waived his right to counsel is unclear. The BIA obviously did not accept as determinative petitioner's evidence that the waiver was limited. The BIA could not have believed this evidence, believed that it was relevant, and also found that petitioner knowingly waived his rights. Such a decision would be internally inconsistent. Yet the BIA did not discuss why it did not accept this evidence. The BIA must have thought the evidence to be incredible or irrelevant.
 
 
 25
 The BIA did not make a credibility determination, however. This court, in the absence of a credibility determination, generally presumes that an alien's testimony is credible. Canjura-Flores v. INS, 784 F.2d 885, 888-89 (9th Cir.1985).[4] If this court must presume petitioner's testimony was credible, then it must conclude that the BIA thought it irrelevant. Yet it is relevant. Ramirez v. INS, 550 F.2d 560, 565 (9th Cir.1977) (holding waiver must be done "knowingly, intelligently, and voluntarily"). Thus, if we must presume petitioner's evidence is credible, we must conclude that petitioner did not waive his right to counsel knowingly and intelligently.
 
 
 26
 Petitioner must also show prejudice to obtain relief, however. For the reasons cited by the INS, Rios-Berrios is distinguishable and Cerda-Pena controls. Prejudice from denial of the statutory right is present "when counsel could have better marshalled specific facts or arguments in presenting the ... case." Acewicz, 984 F.2d at 1062 (internal quotations omitted). Vacatur of deportation for due process denial also requires a showing of prejudice: that the defect might have led to a denial of justice or that an element essential to due process was absent. Castro-O'Ryan, 847 F.2d at 1313.
 
 
 27
 No prejudice has been shown in this case. The IJ held that petitioner was not eligible for a waiver of deportation or voluntary departure. The BIA affirmed both of these holdings by the IJ. Petitioner has not appealed those decisions. Though a lawyer could have helped petitioner choose a country to which to be deported, petitioner has at no time expressed a desire to go anywhere but the Philippines, the place he chose at the hearing before the IJ. Also, though a lawyer may have spoken better English, petitioner has not indicated what he would have said differently in the hearing had his lawyer been present. The facts were clear and admitted by petitioner. He could not have responded differently as to whether he wished counsel to be present because the IJ would not have asked that were counsel in fact present.
 
 
 28
 Moreover, the BIA could not consider the validity of petitioner's conviction, for reasons cited by the INS and for the following reasons. Ocon-Perez, De La Cruz, and Avila-Murrieta are premised on the notion that the INS has no power to consider the validity of a conviction. See also Zinnanti v. INS, 651 F.2d 420, 421 (5th Cir.1981) ("Immigration authorities must look solely to the judicial record of final conviction and may not make their own independent assessment of the validity of [petitioner's] guilty plea."). Therefore, the IJ cannot consider a motion for a stay premised on a conviction's invalidity. Any other conclusion would conflict with the purposes of the statute. A final conviction renders an alien deportable. 8 U.S.C. Sec. 1251(a)(2)(B); Morales-Alvarado, 655 F.2d at 174-75. "Conviction," rather than guilt, innocence, or guilty plea, is the operative term.
 
 
 29
 Furthermore, precluding stays of immigration proceedings to wait for possibly lengthy state court collateral attacks makes good policy sense. Petitioner cites to no case in which such a stay has been granted, nor have we yet found such a case. But cf. United States v. Arroyo-Garcia, 746 F.Supp. 1039 (D.Nev.1990) (suggesting in dicta that such a stay might be appropriate). We note that if petitioner's conviction is later vacated, he may well have a right to have his deportation proceedings reopened to show that fact. See Wiedersperg v. INS, 896 F.2d 1179 (9th Cir.1990).
 
 
 30
 PETITION DENIED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 Hon. Ruggero J. Aldisert, Senior United States Circuit Judge for the Third Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Petitioner also cites Castro-O'Ryan for the proposition that without the IJ informing Castro of the "complexity of his dilemma and without any awareness of the cogent legal arguments which could have been made on his behalf, Castro did not competently and understandingly waive his statutory right." This statement appears in Castro-O'Ryan v. Dep't of Imm. & Nat., 821 F.2d 1415, 1420 (9th Cir.1987) (internal quotations omitted), but was later deleted from the opinion. See Castro-O'Ryan, 847 F.2d at 1313
 
 
 [2]
 Petitioner also states that he could have asked for a continuance to obtain counsel. This argument hurts rather than helps petitioner, however, because petitioner failed to ask for a continuance when he admits he could have
 
 
 [3]
 The INS begins by stating that an alien in a deportation proceeding has no constitutional right to counsel. This statement is incorrect. An alien in a deportation proceeding has a due process right to counsel at its own expense. Acewicz, 984 F.2d at 1062; Reyes-Palacios, 836 F.2d at 1155-56
 
 
 [4]
 We have not held that de novo review includes a credibility determination. E.g., Colindres-Aguilar v. INS, 819 F.2d 259 (9th Cir.1987) (establishing the de novo standard regarding waiver of due process rights in this context); Reyes-Palacios v. INS, 836 F.2d at 1155-56